**IT IS ORDERED as set forth below:**



Date: **March 6, 2017**

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| DANIEL FAVORS, JR.<br>    Debtor. | :<br>:<br>: | BANKRUPTCY CASE<br>15-10350-WHD |
| _____ | :<br>: | |
| EBF HOLDINGS, LLC, a Florida<br>Limited Liability Company, dba Everest<br>Funding,<br>    Plaintiff, | :<br>:<br>:<br>:<br>: | ADVERSARY PROCEEDING<br>15-1033 |
| v. | :<br>: | |
| DANIEL FAVORS,<br>    Defendant. | :<br>:<br>:<br>: | IN PROCEEDINGS UNDER<br>CHAPTER 7 OF THE<br>BANKRUPTCY CODE |

## **ORDER**

In this proceeding, EBF Holdings, LLC (hereinafter "EBF"), seeks a

declaration that $74,000 of a debt owed to it by Daniel Favors (hereinafter the "Debtor") is excepted from discharge. This is a core proceeding, *see* 28 U.S.C. § 157(b)(2)(I), over which this Court has subject matter jurisdiction, *see* 28 U.S.C. §§ 157(a), 1334. At a trial held on January 25, 2017, the Court accepted evidence and heard arguments from both parties. Upon consideration of that evidence and argument, the Court finds and concludes as set forth below.

## Findings of Fact

On January 9, 2014, EBF entered into an agreement with the Debtor's business, Miracle Transportation, LLC (hereinafter "Miracle"), whereby EBF agreed to pay $11,000 to acquire payment rights from Miracle. After reducing the $11,000 to account for various fees, EBF was to send Miracle $10,520 by wire transfer. However, when the EBF employee wired the money the next day, he added an extra "9" between the "0" and the "5," resulting in the transfer of $109,520 to Miracle's account at United Community Bank in Fayetteville, Georgia.

EBF immediately tried to stop the transaction, but it was told that the transfer could not be stopped on its end. EBF then contacted the Debtor directly, informing him that the funds had been transmitted in error and that he should return them. Though the Debtor gave EBF the impression that he would return the money, the

2

Debtor never did so and stopped answering EBF's calls. EBF became alarmed and hired counsel to assist it in recovering the erroneously transferred $99,000.

While that was going on, the funds appeared in Miracle's account on January 13, 2014. On January 13th and 14th, the Debtor withdrew $100,000 from Miracle's account in large chunks: $10,000 and $50,000 on January 13th, and then two $20,000 withdrawals on January 14th. In those same two days, the Debtor opened new accounts at Chase Bank in Miracle's name and deposited $80,000 into those accounts. The Debtor used the remaining $20,000 to purchase a tow truck.

After the Debtor received a voicemail from EBF's counsel demanding the return of the funds, the Debtor's brother appeared at EBF's counsel's office on January 22, 2014, with $15,000 in cash. The next day, the brother returned with a cashier's check for $10,000. Since then, the Debtor has not repaid any portion of the remaining $74,000 to EBF, though the Debtor has made offers to engage in repayment plans that EBF has rejected.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on February 8, 2015. EBF filed its complaint initiating this adversary proceeding on June 1, 2015. After the entry of a report of no distribution by the Chapter 7 Trustee, the Debtor's case was closed and he received his discharge on February 25, 2016.

3

**Conclusions of Law**

A. Discussion of the Debt

EBF's complaint asserts that the Court should except the $74,000 debt from discharge pursuant to § 523(a)(4) of the Bankruptcy Code.[1] Importantly, EBF only prayed in its complaint that the Court determine that $74,000 "of the debt listed by the [Debtor] as owing to [EBF]" is nondischargeable. Therefore, all the Court needs to decide in this case is whether the debt falls within the scope of § 523(a)(4). Like all exceptions to discharge, § 523(a)(4) should be narrowly construed in favor of the debtor. *See Silver v. Edelson (In re Edelson)*, 2013 WL 5145714, at *7 (Bankr. N.D. Ga. July 3, 2013) (Ellis-Monro, J.). Additionally, in order for a debt to be excepted from discharge, the creditor must show that the exception applies by a preponderance of the evidence. *See In re Dixon*, 525 B.R. 827, 840 (Bankr. N.D. Ga. 2015) (Hagenau, J.).

Section 523(a)(4) contains three distinct grounds for excepting a debt from discharge: "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). EBF's complaint asserts that the Debtor's conduct constitutes all three of those, but the Court considers embezzlement as the

---

[1] 11 U.S.C. § 101 *et seq.*

4

most applicable. For the purposes of § 523(a)(4), "embezzlement" is defined using the "federal common law." *Fernandez v. Havana Gardens, LLC*, 562 F. App'x 854, 856 (11th Cir. 2014) (per curiam). Using that definition, embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Sand-Stone, Inc. v. Camp (In re Camp)*, 514 B.R. 917, 920 n.5 (Bankr. N.D. Ga. 2014) (Drake, J.) (quoting *Golden Isles Drywall, Inc. v. Stone (In re Stone)*, 1996 WL 34579205, at *2 (Bankr. S.D. Ga. Jan. 29, 1996)). To be a "fraudulent appropriation," there must have been "an intent to deprive, which can be inferred from the conduct of the person accused and from the circumstances of the situation." *Id.* (quoting *In re Stone*, 1996 WL 34579205, at *2).

Here, the Court finds that the $74,000 is a debt for embezzlement. First, the money was lawfully acquired by the Debtor, inasmuch as he did not use any unlawful means to obtain it.[2] Therefore, he was in lawful, albeit accidental, possession of the money. Second, the Debtor clearly appropriated the money for

---

[2] The Court contrasts the "lawful" language in the definition of embezzlement with the "unlawful" language used to define larceny. *Compare In re Camp*, 514 B.R. at 920 n.5, *with Vu v. Ankoanda (In re Ankoanda)*, 495 B.R. 599, 605 (Bankr. N.D. Ga. 2013) (Deihl, J.) ("An essential element of a larceny claim is an unlawful taking of property.").

5

the use of his business.[3] By his own admission, the Debtor used the money to buy cars and a tow truck. Third, the circumstances show that the Debtor appropriated these funds with fraudulent intent. EBF contacted Favors shortly after the accidental transfer to ask him to return the money, and EBF was even initially under the impression that he would do so. Consequently, the Debtor had knowledge that the money in the account was not his or Miracle's to spend. Furthermore, the Debtor immediately began withdrawing the money and depositing it into new accounts at a different bank. This conduct is highly indicative of an intent to deprive EBF of its property by attempting to hide it. In light of the Debtor's knowledge and his conduct, the Court concludes that the Debtor misappropriated the $74,000 with fraudulent intent, and therefore the debt is non-dischargeable pursuant

---

[3] The Court notes that in order for the debt to be excepted from discharge, it is not necessary that the Debtor appropriated the money for his *personal* use, as a representative of a business that personally participates in wrongdoing on behalf of the business is personally liable therefor, and the resultant debts may be excepted from discharge in the representative's individual bankruptcy case. *Cf. Ford Motor Credit Co. v. Owens*, 807 F.2d 1556, 1559-60 (11th Cir. 1987) ("Owens is personally liable to FMCC for the conversion of the property in question and the debt is nondischargeable pursuant to section 523(a)(6) in Owens['s] personal bankruptcy."); *Weinreich v. Langworthy (In re Langworthy)*, 121 B.R. 903, 907 (Bankr. M.D. Fla. 1990) ("[I]f an officer, director or shareholder of a corporation has obtained money or property for the corporation through fraud, he will not be shielded by the corporate form.").

to § 523(a)(4).

B. Attorney's Fees and Costs

At trial, counsel for EBF requested that the Court impose attorney's fees and costs on the Debtor as a result of his bad faith. EBF's counsel requests a total of $34,774.65 for attorney's fees and costs stretching back to January of 2014.

Because counsel referred at trial to "bad faith in the transaction," the Court assumes that he is basing his request for fees on § 13-6-11 of the Official Code of Georgia Annotated, which provides that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith…, the jury may allow them." O.C.G.A. § 13-9-11. "Bad faith," as that term is used in the statute, means bad faith in the conduct underlying the action. *See Lewis v. D. Hays Trucking, Inc.*, 701 F. Supp. 2d 1300, 1313 (N.D. Ga. 2010).

The Court finds that EBF is not entitled to attorney's fees under the Georgia statute. Initially, the Court notes that EBF may not have "specially pleaded and…made prayer" for these fees as required by the statute. EBF's complaint simply requests "that costs be taxed against the defendant Debtor." There is no citation to O.C.G.A. § 13-6-11, nor even a recitation of its elements. Consequently,

7

EBF's complaint does not meet the pleading requirement of the statute. *See Pipe Solutions, Inc. v. Iglis*, 661 S.E.2d 683, 685 (Ga. Ct. App. 2008) (quoting *Dept. of Transp. v. Ga. Television Co.*, 536 S.E.2d 773, 776 (Ga. Ct. App. 2000) ("A general request for attorney fees, without reference to OCGA § 13-6-11 or the criteria set forth therein, is not the specific pleading contemplated by the statute. The statute requires that the party specifically plead and pray for fees thereunder."). Nevertheless, it has been held that where the issue of fees has been litigated, even if the issue was not specially pleaded, that is enough to treat the complaint as amended to include the plea. *See 4WD Parts Center, Inc. v. Mackendrick*, 579 S.E.2d 772, 777 (Ga. Ct. App. 2003).

However, the Court need not embark on an investigation into that point because even if EBF is considered to have properly pleaded for the recovery of fees, there is no damages award entered pursuant to Georgia law upon which to base such an award. A claim for fees under § 13-6-11 requires that there be an underlying recovery of damages. *See Gilmour v. Am. Nat'l Red Cross*, 385 F.3d 1318, 1324 (11th Cir. 2004); *Sandy Springs Toyota v. Classic Cadillac Atlanta Corp.*, 604 S.E.2d 303, 306 (Ga. Ct. App. 2004). Here, EBF has not asked the Court to rule on any entitlement to damages based on Georgia law. Instead, EBF solely sought a

8

declaration that a $74,000 debt is excepted from discharge—an issue purely grounded in federal law. *See Grogan v. Garner*, 498 U.S. 279, 284 (1991). Without an underlying damages award based on Georgia law, this Court cannot award attorney's fees pursuant to § 13-6-11.[4] Therefore, the Court will not impose attorney's fees on the Debtor.[5]

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that $74,000 of the debt owed by the Debtor to EBF is excepted from discharge, and judgment will be entered for EBF in accordance with this Order.

---

[4] The Court notes that it does not make any substantive determination as to whether EBF is entitled to a damages award under Georgia law. All the Court decides is what it was asked to decide: whether a $74,000 debt is nondischargeable. Nothing in this Order should be taken as preventing EBF from seeking an award of damages (and attorney's fees) by appropriate means in an appropriate forum. *See generally Cohen v. de la Cruz*, 523 U.S. 213, 219 (1998) (concluding that debtor's full liability traceable to the bad conduct was excepted from discharge). The record shows that EBF and the Debtor are currently involved in litigation in the Fayette County Superior Court. (*See* Statement of Financial Affairs, Case No. 15-10350-whd, Doc. 10, at p. 4).

[5] Conceivably, EBF could seek attorney's fees pursuant to federal law. *See Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."). However, the Debtor's conduct in the course of the litigation in this Court, particularly when considering that he has acted without the aid of counsel for portions of this case, does not rise to the level compelling this sanction.

The Clerk is **DIRECTED** to serve this Order on the Debtor, EBF, and EBF's counsel.

**END OF DOCUMENT**